# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

JOHN J. O'REILLY
Direct dial: (973) 425-4228
joreilly@mdmc-law.com

June 26, 2020

**Via ECF**
Hon. Michael A. Shipp, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Courtroom 5W
Trenton, New Jersey 08608

> Re: *United States v. Santos, et als.*
> Docket No. 3:18-cr-00585-MAS
> MDMC File No. S1880-1001

Dear Judge Shipp:

We represent defendant Fausto Simoes, Esq. ("Defendant" or "Mr. Simoes") in the above-captioned matter. Pursuant to the Court's Scheduling Order, Mr. Simoes submits this notice of intent to contest certain exhibits.

## **PRELIMINARY STATEMENT**

The Government has identified 325 exhibits that it intends to present at trial, which it has divided into series 100 through 3900. Defendant intends to contest certain exhibit series because the intended exhibits lack foundation, require witness testimony to authenticate that the documents are accurate and complete records, and/or are based upon dubious analyses. Namely, Mr. Simoes will challenge the Government's proposed exhibits in series nos. 100, 200, 300, 400, 500, 600, 700, 800, 900, 1000, 1100, 1200, 1400, 1700, 1800, and 3500. Series 100 through 1200 represent Wells Fargo's Loan Files for properties listed in the Indictment as well as three additional properties. The 1400 series consists of Wells Fargo's Fraud Risk Management

Case 3:18-cr-00585-MAS   Document 176   Filed 06/26/20   Page 2 of 4 PageID: 1808

Hon. Michael J. Shipp. U.S.D.J.
Page 2

documents for five properties. Series 1700 and 1800 include select documents from Simoes & Monteiro, P.C.'s Umbrella Attorney Trust Account and Umbrella Attorney Trust Sub Accounts, respectively. Finally, the 3500 series consists of demonstrative charts that the Government prepared and entitled "Transaction and Account Summaries." Defendant intends to contest the aforementioned, proposed exhibit series and addresses each, in turn, below.

## ARGUMENT

### 1. THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM INTRODUCING THE SUMMARY EXHIBITS PROPOSED IN SERIES 3500.

Mr. Simoes will contest the Government's proposed use of editorialized charts, which it styles as "transaction and account summaries." Although F.R.E. 1006 permits the use of summary exhibits in certain situations for the jury's convenience, the introduction of such aids is not unfettered. Summaries of documents require foundational testimony connecting each summary with the underlying evidence it purports to synopsize. *See Fagiola v. Nat'l Gypsum Co. AC&S, Inc.*, 906 F.2d 53, 57 (2d Cir. 1990). Additionally, the summaries must be based upon and fairly represent competent evidence before the jury. *United States v. Conlin*, 551 F.2d 534, 538 (2d Cir.) *cert. denied*, 434 U.S. 831 (1977). Summary exhibits may not refer to information that is not contained in the original records.

The proposed exhibits the Government identifies in Series 3500 are improper because the demonstrative charts contain extraneous information and factual assertions based upon the Government's editorializing. The Government has not identified who prepared the summaries or advised Defendant of any intention to introduce testimony from a competent summary witness. Even if the Government identified the person that prepared the summaries and presented the preparer's testimony at trial, the charts are prejudicial as written. The summaries are replete with the Government's commentary and conclusions it desires the jury to draw from

Case 3:18-cr-00585-MAS   Document 176   Filed 06/26/20   Page 3 of 4 PageID: 1809

Hon. Michael J. Shipp. U.S.D.J.
Page 3

each. Accordingly, the summaries do not represent scientific analysis and Mr. Simoes will contest each of the proposed exhibits in Series 3500 at trial.

2. **MR. SIMOES WILL CONTEST THE EXHIBITS PROPOSED IN SERIES 1700 AND 1800.**

Mr. Simoes will contest the Government's proposed exhibits that is has identified as Millenium BCP Simoes & Monteiro, P.C. Umbrella Attorney Trust Account and Sub Accounts. These documents represent select bank record transactions that require a custodian's testimony in order to satisfy the regular foundational requirements necessary for admissibility. Indeed, some of the records relate to information or monetary instruments presented by bank customers. Such information requires verification to ensure trustworthiness. Accordingly, Mr. Simoes will contest these exhibits on the basis of authenticity and chain of custody.

3. **DEFENDANT WILL CONTEST THE GOVERNMENT'S PROPOSED EXHIBITS IDENTIFIED IN SERIES 100 THROUGH 1200 AND SERIES 1400.**

Mr. Simoes will also contest the following proposed exhibits: Wells Fargo's 14 Willoughby Loan File (100 series), 226 W. Runyon Loan File (200 series), 44 Dewey Loan File (300 series), 170 Scheerer Loan File (400 series), 186 Scheerer Loan File (500 series), 172 Scheerer Loan File (600 series), 46 Barbara Loan File (700 series), 118 S. 7th Loan File (800 series), 25 Governor Loan File (900 series), 27 Governor Loan File (1000 series), 15 Vine Loan File (1100 series), 29 Bragaw Avenue Loan File (1200 series), and Wells Fargo's Fraud Risk Management documents (1400 series). Defendant submits that the Government must establish chain of custody for each of the foregoing exhibits and offer the testimony of a custodian to authenticate the bank's records. Notwithstanding the business records exception to the hearsay rule, the records are admissible only upon satisfaction of the regular foundational requirements.

Hon. Michael J. Shipp. U.S.D.J.
Page 4

Defendant must insist upon the Government's satisfaction of the foundational requirements of the documents because the trustworthiness of the documents is tenuous. Mr. Simoes believes that the loan files the Government has identified (i.e. series 100-1200) are incomplete as are the series 1400 documents. Where a defendant has raised sufficient doubt about the trustworthiness of documents, the added inconvenience or expense to the Government is not enough to defeat the need for the records custodian at trial. *See United States v. Petre*, 2017 WL 3499929 at *4 (D. Me. Aug. 6, 2017). Mr. Simoes intends to contest the authenticity and chain of custody of the documents the Government identified in series 100-1200 and series 1400.

## CONCLUSION

For all of the foregoing reasons, Mr. Simoes will ask the Court to prohibit the Government's proposed exhibits or permit such exhibits only upon witness testimony that provides the necessary foundation and authentication of the documents.

Dated: June 26, 2020
        Morristown, New Jersey

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

s/ *John J. O'Reilly*
John J. O'Reilly, Esq.
1300 Mount Kemble Avenue
Morristown, New Jersey 07962
(973) 993-8100
joreilly@mdmc-law.com
Attorney for Defendant Fausto Simoes